# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SIGNATURE PRESS-MILWAUKEE, INC.,

        Plaintiff,

    v.                                      Case No. 05-C-370

UNILEVER UNITED STATES, INC.,

        Defendant.

## ORDER DENYING MOTION FOR REMAND

Plaintiff Signature Press-Milwaukee, Inc., (Signature) sued Unilever United States Inc., (Unilever) in Milwaukee County Circuit Court over a dispute about printing and related services which Signature provided to Unilever. According to the complaint, Signature is a Wisconsin Corporation based in Mequon, Wisconsin, and Unilever is Delaware Corporation, which maintains a principal place of business in Connecticut. One of Unilever's subsidiaries, Conopco, Inc., d/b/a Good Humor-Breyers Ice Cream, maintains offices in Green Bay, Wisconsin. Signature has alleged various causes of action relating to services it provided for Good Humor-Breyer's marketing program which were coordinated by Unilever's Green Bay Office. According to Signature's Complaint, it placed a Signature employee at Unilever's Green Bay office.

Alleging jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, Unilever removed the case to the United States District Court for the Eastern District of Wisconsin. In its Notice of Remover, Unilever noted that the case has the greatest nexus to Brown County, Wisconsin, and therefore requested assignment of the case to the Green Bay Division. Unilever

filed its Notice of Removal in the Green Bay office of the United States District Court for the Eastern District of Wisconsin. The case is now before me on the motion of Signature to remand the case to state court. Signature contends that the removal was defective because Unilever filed its Notice of Removal in the wrong division. In support of its argument, Signature relies on 28 U.S.C. § 1446(a) and 28 U.S.C. § 1441(a), both of which require that a Notice of Removal be filed in the "district and division" within which an action is pending. Because Signature filed its lawsuit in Ozaukee County, Signature contends that the Notice of Removal should have been filed in the clerk's Milwaukee office. The failure to do so, Signature contends, renders the removal defective and warrants a remand to state court.

Signature's motion will be denied. Its argument is based upon a misunderstanding of the status of the "Green Bay Division" within the Eastern District of Wisconsin. Sections 1446(a) and 1441(a) refer to divisions created within districts by act of Congress. For example, Congress divided the Northern District of Illinois into two Divisions: The Eastern and Western Division, 28 U.S.C. § 93(a). The placement of a federal court in Green Bay, however, did not result from the creation of a new district. Federal Courts in Wisconsin are still divided into two districts, Eastern and Western, without any specified divisions. 28 U.S.C. § 130. The presence of a District Court in Green Bay results, instead, from the enactment of Public Law, 106-553 § 1(a)(2), 114 Stat. 2762, which was adopted on December 21, 2000. The act merely authorized an additional district judge for the Eastern District of Wisconsin, but specified that the Chief Judge of the district designate one judge to hold court in Green Bay. The legislation clearly did not create a new "division" within the Eastern District of Wisconsin.

2

The use of the term "division" to refer to the separate locations of the courts within the Eastern District of Wisconsin is a "term on convenience." This is clear from the specific terms of the General Order Regarding Assignment of Cases to the United States District Judge Designated to Hold Court in Green Bay, Wisconsin, which can be found at the court's website. The order, as amended effective January 1, 2005, specifically states that "the phrases Green Bay Division and Milwaukee Division are used herein as a matter of convenience." The General Order further provides that the permanent office of the clerk for the district court is maintained at both Green Bay and Milwaukee, and that initial papers in civil cases may be filed in either location.

From the above, it follows that Unilever properly filed its Notice of Removal. Whether the case ultimately belongs in the Green Bay or Milwaukee region, there is only one Clerk of Court responsible for the filing in the Eastern District of Wisconsin. Unilever properly filed its Notice of Removal with that clerk, and thus is entitled to federal forum.

Based upon the foregoing, Signature's Motion for Remand will be denied.

**SO ORDERED**.

Dated this  31st  day of May, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3